```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA


DOLORES MAJOR HARMEYER,                    CIVIL ACTION
widow of WILLIAM A. HARMEYER


VERSUS                                     NO: 06-4220


MICHAEL H. DOHM, STATE FARM                SECTION: J(2)
MUTUAL AUTOMOBILE INSURANCE
COMPANY, AND PROGRESSIVE
SECURITY INSURANCE COMPANY
```

**ORDER AND REASONS**

Before the Court is the **Motion to Take Judicial Notice of Plaintiff's Average Life Expectancy (Rec. Doc. 30)** filed by Plaintiff. This motion, which was opposed, was set for hearing on January 31, 2007, on the briefs alone. Upon review of the record, the memoranda of counsel, and the applicable law, this Court finds, for the reasons that follow, that this motion should be granted.

**Background Facts**

Plaintiff Dolores Major Harmeyer allegedly sustained serious injuries in a car accident on November 9, 2004. Harmeyer asserts that the sole proximate cause of the accident was the negligence of Defendant Michael Dohm, who allegedly drove his car through a red light and into the side of Plaintiff's car.

**The Parties' Arguments**

Plaintiff requests that the Court take judicial notice of

her life expectancy based upon the National Center for Health Statistics (NCHS) report.  Specifically, Plaintiff claims that her life expectancy, based on the NCHS report, is 8.5 years as she is a white female, aged 82 years.  Plaintiff, thus, asserts that her time of suffering is the 3 years from the date of the accident, plus 8.5 years of expected life, calculated by the United States Life Tables, 2003, totaling 11.5 years.

Plaintiff cites Rule 201 of the Federal Rules of Evidence to support this argument.  This rule states that a court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Plaintiff further notes that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201 (d).  Plaintiff argues that her life expectancy is "scientifically determined" and "not subject to reasonable dispute."  (See Plaintiff's memorandum in support, p. 2).  Plaintiff cites case law for the proposition that the NCHS is recognized in the federal court system for its recognized and widely accepted life tables.  See Russell v. City of Wildwood, 428 F.2d 1176, 1182 (3rd Cir. 1970).  Plaintiffs also claim that circuit courts have recognized that courts may take judicial notice of life tables.  See Comm'r of Internal Revenue

v. Meyer, 139 F.2d 256 (6th Cir. 1943).  Plaintiffs also state that district courts have taken judicial notice of life tables for the purpose of determining the average life expectancy of an injured person.  See Kitsinus v. US, 1995 WL 66325 (N.D. Ill. 1995); Mehan v. Central RR Co. of NJ, 181 F. Supp. 594 (D.C.N.Y. 1960); Conry v. Balt & Ohio RR Co., 112 F. Supp. 252 (W.D. Pa. 1953).

In opposition, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") asserts that Plaintiff is actually requesting to introduce the life expectancy charts into evidence to make a "unit of time" argument by specifically claiming that the jury should award general damages to Plaintiff for the "8.5 years of expected life calculated via the . . .Life Tables." (See Plaintiffs' memorandum in support, p. 2).  State Farm claims that use of the life tables for this purpose would be prejudicial and contrary to Louisiana law.  First, State Farm argues that a jury could only guess that a plaintiff would suffer for every minute of every day over a certain number of years.

State Farm cites Pennington v. Justiss-Mears Oil Co., 134 So.2d 53 (La. 1961), wherein the Louisiana Supreme Court held that the "unit of time" argument was an impermissible method of calculating damages.  State Farm contends that this method of calculation would unfairly produce "astronomical figures that are based upon an arbitrary amount of money the plaintiff argues should be awarded for the speculative amount of time the

plaintiff is estimated to live in the future."  (See opposition, p. 2).

**Discussion**

State Farm does not specifically object to the introduction of the life tables, it objects to the introduction of the life tables to make a "unit of time" argument by specifically claiming that the jury should award general damages to Plaintiff for the 8.5 years of her expected life.  State Farm claims that Louisiana law does not allow the use of life tables for this purpose; however, it does not cite the Fifth Circuit cases applicable to this issue.  In Fontenot v. Dual Drilling, 179 F.3d 969 (5th Cir. 1999), the Fifth Circuit made it clear that "unit of time" arguments are allowed as long as a cautionary instruction is given to the jury that states, generally, that any statements, objections, or arguments made by lawyers are not evidence.  In Colburn v. Bunge Towing, Inc., 883 F.2d 372 (5th Cir. 1989), the Fifth Circuit reversed a jury verdict because the district court had failed to give a cautionary instruction to counter the prejudicial effects of the "unit of time" argument made by the plaintiff's counsel, reasoning:

> Without a specific cautionary instruction, there is a danger that this argument will create an illusion in the jury's mind that pain and suffering damages can and perhaps should properly be measured or calculated by simple multiplication rather than through the jury's sound discretion.

Id. at 377, citing Baron Tube Co. v. Transport Ins. Co., 365 F.2d

858, 865 (5th Cir. 1966)(en banc).  Thus, this Court will allow the introduction of the life tables for this purpose as long as a cautionary instruction is delivered to the jury.  Counsel for the parties are invited to suggest appropriate cautionary instructions for the Court to consider.  Accordingly,

**IT IS ORDERED** that the **Motion to Take Judicial Notice of Plaintiff's Average Life Expectancy (Rec. Doc. 30)** should be and hereby is **GRANTED**.

New Orleans, Louisiana this 5th day of February, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE